IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| **MICHELLE V.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Case No. 2:21-cv-5149 |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Elizabeth P. Deavers |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter comes before the Court on Plaintiff's Objection (ECF No. 18) to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 17) that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner of Social Security's ("Commissioner") non-disability determination. Upon *de novo* review by the Court, and for the reasons set forth below, the Magistrate Judge's R&R is **AFFIRMED**, Plaintiff's Objection is **OVERRULED**, and the Commissioner's non-disability determination is **AFFIRMED**.

**I. BACKGROUND**

Plaintiff filed her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") on January 22, 2019, alleging that she has been disabled since June 5, 2018, due to an inactive thyroid, hypertension, osteoarthritis of the right knee and right shoulder, her right hip being "out of socket," and irritable bowel syndrome. (ECF No. 7 at 159–77, 219). Plaintiff was evaluated by four different medical professionals, including Carl Switzer, a physical therapist, who completed a functional capacity evaluation to assess Plaintiff's physical condition and limitations on February 25, 2019. (ECF No. 12 at 3). Mr. Switzer noted

abnormalities related to her right shoulder, right hip, and ability to perform various functional tasks. (ECF No. 15 at 3). Mr. Switzer determined that Plaintiff could not return to her past work where she regularly lifted 75 pounds and advised her to seek a "less physical job." *Id.* at 4.

At the initial level of disability determination, Dr. Leanne Bertani, M.D. concluded that despite Plaintiff's severe osteoarthritis and allied disorders, she was able to perform "light work" with additional restrictions on her ability to stand, walk, push, pull, reach overhead, and sit. (ECF Nos. 12 at 5; 15 at 5). At reconsideration of disability determination, in July 2019, Dr. Gary Hinzman, M.D., affirmed Dr. Bertani's findings and added that Plaintiff could stand and/or walk for a total of four hours and sit for a total of six hours in a workday. (ECF No. 12 at 5). In the interim, Plaintiff attended physical therapy sessions and continued seeing her doctors who advised against surgery, despite an MRI of her left knew revealing some cartilage and ligament degeneration. (ECF No. 15 at 7). Her medical records demonstrate that most of her physical exams only found normal degeneration that was treated with over-the-counter medication and steroid shots, but that she tried to get disability based on these complaints. (*Id.*).

Plaintiff's social security applications were denied initially in April 2019 and upon reconsideration in July 2019. (ECF No. 7 at 68–91, 95–112). Plaintiff sought a *de novo* hearing before an administrative law judge. (*Id.* at 113–30). Plaintiff, who was represented by counsel, appeared and testified at a telephone hearing on August 3, 2020. (*Id.* at 35–66). A vocational expert also appeared and testified. (*Id*.) On December 2, 2020, administrative law judge Deborah F. Sanders (the "ALJ") issued a decision finding that Plaintiff had not been under a disability since June 5, 2018. (*Id.* at 12–34). The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (*Id.* at 1–6.)

On October 29, 2021, Plaintiff filed a Complaint against the Commissioner alleging that: (1) the ALJ failed to account properly for the opinions provided by Mr. Switzer in violation of 29 C.F.R. § 404.1520c, which requires medical opinions to be evaluated for supportability and consistency; and (2) the ALJ improperly found Plaintiff capable of performing "light work," when Plaintiff alleges that she can only perform "sedentary work." (ECF No. 12 at 7; 11). On June 6, 2022, the Commissioner filed a Memorandum in Opposition arguing that substantial evidence supports its determination that Plaintiff was not disabled. (ECF No. 15). Plaintiff replied, reasserting the same allegations. (ECF No. 16). On September 19, 2022, the Magistrate Judge issued a R&R that this Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's determination. (ECF No. 17). Plaintiff filed a timely Objection; therefore, this matter is ripe for review. (ECF No. 18).

## II.  STANDARD OF REVIEW

Upon objection to a Magistrate Judge's R&R, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Substantial evidence means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). It is "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law if this case were being tried to a jury." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013) (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

The Commissioner's findings are not to be reversed "merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. *Elkins v. Sec'y of Health & Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

Finally, the Court may not uphold a decision of the Commissioner where the agency "'fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. LAW AND ANALYSIS

Plaintiff objects to the R&R, asserting that the ALJ erred by: (1) not accounting for and not classifying Mr. Switzer's opinions as medical opinions; and (2) concluding that Plaintiff could perform "light work." (ECF No. 18 at 3). This Court reviews these arguments *de novo*.

### A. Evaluation of Mr. Switzer's Opinion

Plaintiff alleges that the ALJ failed to include in her decision the heightened analysis required of Mr. Switzer's opined "medical opinions" from Plaintiff's functional capacity evaluation ("FCE") in the Residual Functional Capacity ("RFC"). This included: (1) Plaintiff could only sit for 20 minutes at a time; (2) Plaintiff could stand for only 10 minutes at a time; (3) Plaintiff had limited range of motion and could only bend 10 times; and (4) Plaintiff could only stand and use her arms for 7 minutes at a time. (ECF No. 17 at 9). Plaintiff asserts that despite the ALJ's conclusion that Mr. Switzer's opinion was persuasive, she did not explain why those opinions were excluded from the RFC—a reversible error. (*Id*. at 9). Conversely, the Commissioner argues that only Mr. Switzer's conclusion that Plaintiff could not return to her past work constituted a medical opinion, as all other conclusions were clinical findings not subject to heightened articulation

4

requirements. (*Id.*). In her Reply, Plaintiff countered the Commissioner arguing that the ALJ did conclude that Mr. Switzer's FCE contained medical opinions but did not use the term clinical findings to describe Mr. Switzer's other conclusions. (*Id.* at 10).

Under federal regulation, the Commissioner "will not defer or give specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [ ] medical sources." 20 C.F.R. § 404.1520c(a). In their opinion, however, an ALJ must explain how they considered the supportability and consistency of a medical source's medical opinion. *Id*. at (b)(2); 416.920c(b)(2). The federal regulations also set out several categories of medical evidence:

> (1) *Objective medical evidence* . . . medical signs, laboratory findings . . . .
> (2) *Medical opinion* . . . statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions [in various areas of functioning] . . . .
> (3) *Other medical evidence* . . . evidence from a medical source that is not objective medical evidence or a medical opinion, including . . . judgments about the nature and severity of [the claimant's] impairments . . . [and] clinical findings.

20 C.F.R. § 404.1513(a). Medical opinions are given heightened consideration and articulation requirements, not applicable to the other two categories. *See* 20 C.F.R. § 404.1520c. There is certain evidence, however, that an ALJ finds neither valuable nor persuasive to determine whether a disability exists and excludes from the analysis. 20 C.F.R. § 404.1520b(c). Relevant here, statements on issues reserved to the Commissioner—specifically, statements "that you are or are not disabled, blind, able to work, or able to perform regular or continuing work"—will not be analyzed by an ALJ. 20 C.F.R. § 404.1520b(c)(3)(i).

The ALJ did not err by not conducting a supportability and consistency analysis, because it was reasonable to conclude that Mr. Switzer provided only one medical opinion about whether she could continue to work the same job—the analysis of which was reserved solely to the

5

Commissioner. Plaintiff argues that Mr. Switzer's other conclusions regarding Plaintiff's ability to sit, stand, bend, and use her arms are medical opinions that do not fall under the category of analysis reserved for the Commissioner; therefore, the ALJ should have conducted a supportability and consistency analysis. It was reasonable for the ALJ, however, to consider these determinations other medical evidence, because these were Mr. Switzer's observations of Plaintiff during the evaluation that informed his conclusion that she could not return to her former job. Further, it was reasonable for the ALJ to conclude that Mr. Switzer's observations about Plaintiff's ability to sit, stand, reach, and bend were not objective medical evidence, but Mr. Switzer's subjective, albeit professional, judgments about the severity of her limitations. *See Arnett v. Astrue*, No. 5:08-cv-62-J, 2008 WL 4747209, at *5 (W.D. Ky. Oct. 17, 2008) ("Dr. Turnbo did not 'know,' in the sense of an objective medical fact, that, if properly motivated, the plaintiff would be incapable of sustaining alternate sitting/standing for an 8-hour workday," as that determination is reserved for the Commissioner). Mr. Switzer's clinical findings were still persuasive to the ALJ and considered in her determination, and here, help inform this Court about the nature and severity of Plaintiff's physical conditions. While there is evidence to support Plaintiff's proposed classification of Mr. Switzer's determinations, an ALJ's findings are not to be reversed "merely because there exists in the record substantial evidence to support a different conclusion." *Buxton*, 246 F.3d at 772.

The record supports a conclusion that the ALJ's analysis was made pursuant to proper regulatory standards and there was substantial evidence—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"— for the ALJ to forego conducting a full supportability and consistency analysis for Mr. Switzer's findings. *Lindsley*, 560 F.3d at 604.

### B. Light Work v. Sedentary Work

The ALJ concluded that Plaintiff could perform light work with additional limitations:

> [L]ight work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except stand and/or walk no more than two hours in an eight-hour workday and no more than thirty minutes at a time with one to two minutes to change position; occasional pushing and pulling with the right upper and right lower extremities; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasional balancing, kneeling, crouching, and crawling; occasional overhead reaching with the right upper extremity; never work at unprotected heights; never work around dangerous machinery; never perform commercial driving.

(ECF No. 7-2 at 20). Plaintiff argues that her RFC is unsupported by substantial evidence, because, based on the medical evidence provided by the record, the ALJ should have concluded that Plaintiff could perform only sedentary work. (ECF No. 14 at 13). Plaintiff asserts that: (1) there is a discrepancy between the sitting and standing definitions of light work and the RFC produced by the ALJ; and (2) the ALJ failed to include Plaintiff's limitations in lifting and carrying. (*Id.* at 13–14). Defendants respond that because Plaintiff's situation fell between the light and sedentary work definitions, the ALJ correctly consulted a vocational expert to assess whether a light work with modifications designation was appropriate. (ECF No. 15 at 17–18). Further, Defendants maintain that the ALJ did not exclude wrongfully Plaintiff's weightlifting limitations from the RFC because she referenced the federal statute in which those weight limitations are outlined. (*Id.* at 18).

A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). The physical exertion requirements for sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. § 404.1567(a). The regulation acknowledges, however, that a certain amount of walking and standing is often necessary in carrying out job duties, and therefore, jobs can still be sedentary where walking and standing is required occasionally. *Id.* Conversely, light work:

> [I]nvolves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing,

7

> or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities . . . .

20 C.F.R. § 404.1567(a). Where a plaintiffs' physical abilities fall between the different categories of physical exertion, an ALJ is instructed to consult a vocational expert to assess whether the classifications of physical exertion can be modified reasonably such that there still exists enough jobs in the national economy that the plaintiff can perform. SSR 83-12.

The medical professionals that evaluated Plaintiff had slightly different conclusions about the maximum weight Plaintiff could carry: (1) Mr. Switzer found that Plaintiff could lift a maximum of 15 pounds from floor to waist, 20 pounds from shoulder to lift, and 15 pounds a distance of 100 feet; and (2) Dr. Bertani and Dr. Hinzman opined that Plaintiff could occasionally lift and/or carry 20 pounds, and could frequently lift and/or carry 10 pounds. (ECF No. 12 at 3, 5). First, the medical evaluations found that Plaintiff could lift/carry more than 10 pounds, albeit for shortened periods of time, but did not state one way or the other that Plaintiff was incapable of frequently lifting or carrying 10 pounds. Based on the other evidence in the record, the ALJ appropriately added additional limitations to the RFC related to Plaintiff's ability to perform other physical acts—acknowledging Plaintiff's unique physical situation.

Second, it is well settled in the Sixth Circuit that there does not exist a dichotomy between light and sedentary work, such that if a plaintiff could not perform a full range of light work, she only must be able to do sedentary work. *Blankenship v. Comm'r of Soc. Sec.*, 624 Fed. App'x 419, 429 (6th Cir. 2015) (upholding the ALJ's determination that plaintiff could perform "light work" while only standing or walking for only two hours in an eight-hour workday). It is not one or the other, because the courts recognize that there are a substantial number of jobs available in the national economy for *modified* light work. *Icke v. Comm'r of Soc. Sec.*, No. 1:16-cv-1208, 2017

WL 2426246, at * 7–8 (N.D. Ohio May 16, 2017), *report and recommendation adopted*, No. 1:16-cv-1208, 2017 WL 2418729 (N.D. Ohio June 2, 2017). Here, the ALJ consulted a vocational expert, who testified that there were still a number of jobs in the national economy that qualified as "light work" which met the modifications required for Plaintiff to work within her physical ability. Therefore, the ALJ did not err by concluding simultaneously that Plaintiff could perform "light work" while walking no more than two hours a day and being limited to lifting the weights outlined in the federal regulation.

Finally, the ALJ did not fail to include in the RFC the Plaintiff's weightlifting limits because she expressly incorporated the definition of light work into the RFC by stating that the Plaintiff could perform "light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)." (ECF No. 7-2 at 20). Those regulations state that individuals can perform "light work" that requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. 404.1567(b) and 416.967(b).

Therefore, the ALJ's physical exertion classification is supported by the substantial evidence in the record and determined pursuant to the guiding legal standards.

## IV. CONCLUSION

For the reasons set forth, the Magistrate Judge's R&R is **AFFIRMED**. Plaintiff's Objection is **OVERRULED**, and the Commissioner's non-disability determination is **AFFIRMED**.

IT IS SO ORDERED.

DATED: March 8, 2023

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE